FAMOUS STORE v. LUND-MAULDIN COMPANY.

Opinion delivered September 26, 1921.

1. SALES—BREACH OF CONTRACT.— Where a contract for the sale of goods contemplated payment within 60 days after receipt of the goods, and three installments of the goods were shipped, for which the vendee failed to pay within the required time, being himself in default, he cannot insist upon the shipment by the vendor of the remainder of the goods.

2. PLEADING—AMENDMENT TO CONFORM TO PROOF.— It was not error to treat the pleading in the count below as amended to conform to proof introduced without objection.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*H. H. Hays,* for appellant.

The court erred in refusing to permit defendant to offer in evidence copy of letter to plaintiff, dated July 25th. The court erred in instructing the jury that de-

fendant was not entitled to recover on his counter claim, and in directing a verdict thereon. 9 Cyc. 732; 22 Ill. 522; 108 Ala. 508; 88 Ark. 422. The court erred in directing a verdict against defendant. 88 Ark. 372; 63 Ark. 94; 77 Ark. 556; 62 Ark. 63; 84 Ark. 57; 89 Ark. 372; 73 Ark. 561; 76 Ark. 520.

*Rogers, Barber & Henry,* for appellee.

The contract was severable. 88 Ark. 491. The defendant could not stand on the contract and insist on further shipments when it was in default in making payments that were past due under it, at least without tendering the payments. 88 Ark. 422.

Humphreys, J. Appellee instituted suit against appellant in the Desha Circuit Court to recover $181.40 for goods, wares and merchandise sold and delivered by it to said appellant. Appellant admitted the indebtedness, but alleged by way of cross-complaint that appellee was indebted to him in the sum of $1,848 by way of damages for the failure to ship all the goods ordered from appellee.

The substance of the cross-complaint is set out in appellant's abstract, and the allegations therein are:

"That on the first day of March, 1919, N. Dollar, the appellant, ordered from Lund-Mauldin Company, the appellee, three hundred pairs of shoes, particularly described in order No. 11 and invoice No. 849, attached to the cross-complaint, and marked 'Exhibits A, B, C.'

"That the appellee, Lund-Mauldin Company, accepted said order and shipped a part thereof on the 8th day of March, 1919, and agreed to ship the balance on or about August 1, 1919, at the option of appellant, N. Dollar.

"That, immediately after the shipment of March 8, 1919, of the shoes described in invoice No. 849 (which shipment was the basis of the original complaint) the Lund-Mauldin Company notified 'The Famous Store'

that because of the advance in labor and leather they could not make shipment of the balance of the order of March 1, 1919.

"That on the 25th day of July, 1919, the first day of August, 1919, and repeatedly thereafter, shipment of the balance of the order of March 1, 1919, was requested and demanded by 'The Famous Store' and by N. Dollar.

"That the shoes so ordered, shipment of which was refused, advanced in price $7 per pair between the date of the order and August 1, 1919, and that 'The Famous Store' was forced to go into the open market to purchase shoes of the same kind, character, quality and description at an advance of $7 per pair over the contract price as fixed in the order of March 1.

"That they had sustained damages in the sum of $1,848, and prayed judgment therefor, and their cost."

The amended reply to the cross-complaint denied each and every allegation contained therein.

The record reflects that the only witness who testified in the case was N. Dollar, the cross-complainant. On direct examination, he testified, in substance, as follows:

"N. Dollar, doing business as the Famous Store, gave to the traveling salesman of the Lund-Mauldin Company, on the first day of March, 1919, an order for 288 pairs of shoes of the kind, description, size and price set out in order No. 11, exhibited with his cross-complaint, and found fully set out at pages 11, 12, 13 of the transcript:

"That 36 pairs of these shoes were to be delivered immediately, and 252 pairs were to be shipped on or about August 1.

"That the 36 pairs were shipped March 8, 1919, in one shipment of three boxes, each box containing 12 pairs, and were delivered in three separate installments, one box arriving March 14, one box May 18, and one box June 16.

"That no bill of lading, or other information showing delivery to the carrier, was furnished the appellant by the Lund-Mauldin Company. That he made repeated requests and demands upon the Lund-Mauldin Company for shipment of the 252 pairs, and that such demands began July 25, and extended to August 4 or 5, and the only reason or excuse they gave for their failure to make shipment was the advance in the price of shoes. That the purchase price of the 36 pairs shipped March 8, 1919, was not due until sixty days from the receipt of the whole shipment. That because of the failure of the Lund-Mauldin Company to make delivery of the 252 pairs, the balance of the order, the Famous Store was compelled to go into the open market to purchase shoes of the kind, description and quality ordered from appellee, and that the same were purchased at an advance of $4.50 per pair over the contract price."

On cross-examination, N. Dollar made the following responses to the following questions:

Q.   The three cases for immediate shipment were shipped March 8?

A.   Yes, sir; that is what the bill shows.

Q.   Attached to your cross-complaint as an exhibit is this invoice (handing witness paper) that shows your goods were shipped when?

A.   March 8, 1919.

Q.   When was that invoice due?

A.   It was due sixty days after receipt of the shoes.

Q.   Within sixty days?

A.   Yes, sir.

Q.   The first part of your installments that you say you got on March 14, when was that due?

A.   The first one?

Q.   Yes; when was the first shipment due to be paid for?

A.   Within sixty days after I had received the goods.

Q. You had one case in your store about March 14?

A. Yes, sir; I did.

Q. Now the second shipment, when was that due— sixty days from the date you received it, that would be July 18, would it not?

A. Yes, sir.

Q. The first case you received, according to the express receipts, March 14?

A. Yes, sir.

Q. Sixty days from that day would make it May 14?

A. Yes, sir.

Q. That was when the payment for the first shipment was due—sixty days from the day it was received.

A. Yes, sir.

Q. And the second shipment was May 18—sixty days from that time would be July 18?

A. Yes, sir.

In testifying, N. Dollar offered a copy of a letter which he wrote to appellee on July 25, which is as follows:

"July 25.

"Lund-Mauldin Company, 11th and Washington Ave., St. Louis, Mo.:

"Gentlemen: We know that there is an advance in shoes, and we are desirous of being protected on the shoes that we have under order from your house. We want you to ship these shoes C. O. D. by express at once.

"As we are needing these goods at the present time, trusting that you will give this your immediate attention, we beg to remain,     Yours very truly,

"The Famous Store,

"Per..............................."

The court excluded the letter, to which ruling appellant objected and preserved an exception.

At the conclusion of the evidence, the court peremptorily instructed, over the objection and proper exception of appellant, that appellant was not entitled to recover on his cross-complaint, and directed the jury to return a verdict for appellee upon his complaint, for the

assigned reason that the undisputed evidence reflected that appellant first breached the contract by failing to pay for goods he had received within sixty days after receiving same, and, for that reason, was not in a position to demand a shipment of the balance of the goods, and therefore not entitled to damages for the failure of appellee to ship them.

Appellant conténds that the court erred in giving the peremptory instruction because, according to his ver-. sion, the contract was not severable, and the evidence was not undisputed that appellee should pay the amount of each shipment within sixty days after received by appellant. While appellant testified both ways as to when the payment on the shipment of shoes received by him on March 14, May 18, and June 16 became due, when pressed, on cross-examination, he admitted that the payment for the shipment he received on March 14 fell due on May 14, and that payment for the shipment he received on May 18 fell due on July 18. After making such an admission, it does not lie in appellant's mouth to say the evidence is disputed upon that point. ✓ Appellant also stated in his evidence that his reason for refusing to pay for the first two bills of shoes received by him was because he concluded appellees was not going to carry out his contract according to agreement. Under the rule announced in *Harris Lumber Co. v. Wheeler Lumber Co.,* 88 Ark. 491, the contract in the instant case, as reflected by the evidence, was severable. Under the undisputed evidence in the instant case, as we view it, appellant committed the first breach of the contract and continued to breach it unto the end by failing to pay the first two installments of the purchase money within the proper time after receiving the two shipments of goods, and, being himself in default, was in no position to maintain his cross-complaint. This court said in the case of *Harris Lumber Co. v. Wheeler Lumber Co., supra,* that (quoting syllabi 3 and 4) : "Where a vendee in a contract of sale

wilfully refused to pay an installment of the purchase money when due, the vendor was authorized to rescind the contract.''

''A vendee who is himself in default in failing to pay an installment of the purchase money can not insist upon performance by the vendor as a condition precedent to his performance.''

Appellant contends that he can not be held to this breach for the reason that it was not pleaded in the answer or reply to the cross-complaint. The evidence as to the breach was introduced by appellee without objection on the part of appellant. It was within the discretion of the court to allow the breach to be pleaded and to treat the pleadings as amended to conform to the evidence. Appellant did not plead surprise at the new issue injected by the evidence and ask for time to meet it. Having acquiesced in the issue and determination thereof, he can not complain for the first time in the Supreme Court.

Appellant contends that the court erred in refusing to admit the letter of July 25 in evidence. The letter was an order to ship out the balance of the goods, and its exclusion could not prejudice appellant, because he was in default in the payment of the purchase money on the orders theretofore received, and was therefore not in a position to insist upon the performance of the contract by the vendor.

No error appearing, the judgment is affirmed.

