WILLEY v. STATE EX REL. ATTORNEY GENERAL.

Opinion delivered December 10, 1928.

R. W. Wilson and J. S. Utley, for appellant.

H. W. Applegate, Attorney General, and Rowell & Alexander, for appellee.

McHaney, J. Appellants, who are partners in the farming business, entered into a contract with the State Board of Charities and Correction on February 12, 1926, to furnish appellants thirty-two convicts to be used in cultivating their land from that date until December 31, 1926, at a price of $1.75 each per day, in which appellants agreed to build a modern type stockade to house and care for said men, satisfactory to the superintendent of the penitentiary, and to furnish suitable quarters for the warden or guards, and to pay the warden a salary of $75 per month, including maintenance, the State to furnish all necessary bedding, cooking utensils and maintenance. Thereafter, on May 10, that contract was modified by reducing the contract price of each convict from $1.75 to $1.50 per day. On October 28 the parties entered into another contract for the year 1927, by which the State agreed to furnish forty convicts to cultivate 500 acres of land for appellants on the shares, that is,

for one-half the crops grown on said land. In January, 1927, a new Board of Charities and Correction supplanted the old board. This board, acting through its chairman, demanded of appellants payment for the convicts used for the year 1926, which they had failed to pay, and which, it is agreed in this record, is the sum of $4,807.26, with interest from February 1, 1927, at 6 per cent. per annum. Appellants refused to pay this amount, or any other sum, on the ground that they first wanted to determine whether the State was going to perform its contract of October 28, for the cultivation of 500 acres of land on the shares, and if not, then they would refuse to pay, and attempt to offset their damages for breach of that contract against the State's claim for the undisputed amount.

Shortly after the first of February, 1927, the State, acting through its board, withdrew all its convicts from appellants and instituted this action to recover the above amount. Appellants defended on the ground that they had built a stockade at an expense of $3,100 and an electric light line at an expense of $500, expecting to keep the convicts two years, and had lost the rental of 350 acres of land at $10 per acre. They sought to offset these amounts against the State's claim to the amount thereof, but sought no judgment over against the State. At the conclusion of the evidence the court directed a verdict for the State.

Under the contract above mentioned, appellants agreed to pay on the first of each month the amount due for the previous month. They did not do this, and were not required to do so by the old Board of Charities and Correction. When the new board came in and demand was made for payment, appellants had no right to withhold payment for fear that the State might breach the second contract. *John A. Gauger & Co.* v. *Sawyer & Austin Co.*, 88 Ark. 422, 115 S. W. 157, and cases cited therein; *Famous Store Co.* v. *Lund-Mauldin Co.*, 149 Ark. 663, 233 S. W. 767.

Moreover, the contract of October 28, 1926, was void for the reason that the State Board of Charities and Correction was without power to make it, as being in violation of § 1, act 152, Acts of 1925, page 446, which reads as follows:

"The Board of Charities and Correction is hereby authorized to hire any convicts in the State Penitentiary to work upon the public highways in this State or to do any other useful agricultural work; provided, that said convicts, while so employed, shall at all times be under the management and custody of said board and the regular penitentiary superintendent and wardens, and shall be humanely treated, and worked only a reasonable number of hours each day; and provided further, that said convicts shall not be leased for any definite period, but shall be worked by the day for reasonable wages, to be paid by the State Highway Commission or person for whom said work shall be done, into the State Treasury, to the credit of the penitentiary fund; provided said wages shall not be less than $1.50 a day."

By that section of the act it will be seen that the board was only authorized to lease the convicts to be worked by the day at not less than $1.50 per day. Therefore the board had no right to lease them to go into the share-cropping business, but only to hire them out from day to day at a price not less than that fixed by the statute.

But it is said that, if the second contract is void, the first is likewise, for the reason that it leased the convicts for a definite period of time, from February 12 to December 31, 1926, and that the act prohibits the board from leasing them for any definite period of time. While the act prohibits the leasing of convicts for a definite period of time, we construe this provision to mean that the board is without power to bind the State for any fixed period so that they may not be withdrawn by the State for its uses and purposes whenever, in the judgment of the board, they may be required for any work of the State. Therefore any contract the board might make for the

leasing of the convicts to the Highway Commission or to any other person for agricultural work must be considered amended by the terms of this act. In other words, the provisions of the act will be read into the contract, and, when this is done, appellants knew, or were bound to know, that the State might withdraw its convicts so leased to them at any time during the year 1926 they might be required by the State for other purposes. When this is done, appellants must be held to have taken the risk of having on their hands a stockade which they might not need, and they cannot therefore recoup any part of the cost thereof against the suit of the State to collect the amount due for the time the convicts worked for appellants at the rate of $1.50 per day. The court was therefore correct in instructing a verdict for the appellee, and the demurrer to the answer and cross-complaint should have been sustained, as it stated no defense to the complaint, and no ground for affirmative relief against the State.

We find no error, and the judgment is affirmed.

MEHAFFY, J., dissents.